# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**IN RE: MOTION FOR EXTENSION**
**OF TIME TO FILE HABEAS PETITION**

**Case No.  10MC0080**

---

## ORDER

Ronald A. McElvaney files this ex parte motion for an extension of time to file a petition for habeas corpus under 28 U.S.C. § 2254.  He states that he prepared his materials and placed them into the prison mail box on November 2, 2010, but that state correctional officers obstructed his efforts to file his habeas petition by denying his requests for postage and copies and by withholding his materials from him.  Fearing that the one year limitations period set by § 2244(d) would run before he could file his petition, he moved to extend the deadline.[1]

At first glance it appears that the current filing fails to present a case or controversy within the meaning of Article III of the U.S. Constitution because no such petition has yet been filed.  However, this exact question was recently considered in Socha v. Pollard, 621 F.3d 667, 672 (7th Cir. 2010), which found two situations in which jurisdiction would possibly exist.  First, the motion to extend could be viewed as an attempt to file an

---

[1] Movant has not stated when the limitation period runs, when his conviction became final or when state courts reviewed his appeal.  From publically available state court records it appears that the limitations period ran on January 10, 2011.

incomplete § 2254 petition prior to the filing deadline with a promise to later provide further amendments. Id.  However, that is not the case here.  The current motion cannot be treated as a petition for relief under § 2254 because it does not articulate any basis in fact or law to support a claim that the movant is in state custody in violation of federal law.  As a result, were I to consider this filing as a habeas petition, it would be subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases.  Second, Socha suggests that motions like the present one may in some cases satisfy the Article III standing requirements of injury-in-fact, causation, and redressibility when the facts relating to equitable tolling are before the court. Id.  To qualify for equitable tolling, movant must show (1) that he has been pursuing his rights with reasonable diligence, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).   The present motion does not present the facts necessary to determine either element, and therefore I must conclude that I lack jurisdiction.

Plaintiff may re-raise this issue when he files his habeas petition, either by moving for equitable tolling or raising the issue of whether the state should be equitably estopped from invoking the statutes of limitations. Socha, 621 F.3d at 672.

**THEREFORE IT IS ORDERED** that petitioner's motion for an extension of time to file is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of February 2011.

/s_____
LYNN ADELMAN
District Judge

2